Green, J.
delivered the opinion of the court.
The only question is, whether the petitioner not being in the State one whole year next before filing her petition, bars her of the remedy given by the act of 1799, ch. 19.
It cannot be doubted but that Mrs. Fickle was a citizen of Tennessee. The 7th section of the act concerning, divorces, is thought, nevertheless, to stand in her way. It is in these words: “no person shall be entitled to a divorce from the bonds of matrimony by virtue of this act, who is not a citizen of this State, and who has not resided therein at least one whole year previous to filing his or her petition.”
Do the latter words intend that the residence shall be one whole year immediately before filing the petition? We are of opinion they do not. When the citizenship is once established, (and in this case it certainly is,) the court will not consider, where there is no intention to abandonment, that mere absence from the State shall be such abandonment. Here the proof expressly negatives such intention. The residence in Virginia was temporary, and under circumstances rendering it proper that every intendment should be made in favor of the protection which the rights of citizenship offered. The petitioner was helpless, abandoned by her husband; she sought the house of a relation as an asylum from want and penury. This was no abandonment of her home in Tennessee; her husband was here; her absence involuntary on her part; she had not the means of subsistence without the shelter she sought temporarily in Virginia.
Had it been necessary for her to have visited a watering place in Virginia for the recovery of health, the plea *205 would not have been stronger. Fixing, therefore, the question oi citizenship, the act is broad enough to bring her within the benefits of its provisions. In the language of the act, she had resided in the State one whole year before filing the petition, and against a'citizen we will not, unnecessarily, make that year next before filing the complaint.
The spirit of the act is, that those, not citizens of the State, shall not be privileged to claim benefit from it; it is only intended for those who are such. They keep, therefore, within the letter and spirit in giving this construction. Decree reversed, and decree that the petitioner be divorced from the bonds of matrimony.
Decree reversed.